# Exhibit

# D

# ABBEY SPANIER RODD ABRAMS & PARADIS, LLP

**Firm Résumé**

Abbey Spanier Rodd Abrams & Paradis, LLP ("Abbey Spanier") specializes in large, complex litigation in the fields of securities, mergers and acquisitions, corporate governance, consumer class actions and antitrust violations. We have litigated thousands of cases in both state and federal courts throughout the United States. Since the early 1960s, the Firm has been committed to litigating with the highest level of excellence and integrity and to protecting victims of corporate wrongdoing.

The Firm's efforts have resulted in recoveries of billions of dollars for aggrieved parties. Abbey Spanier served as a lead counsel in two of the top ten largest securities fraud class action settlements. In re BankAmerica Corp. Sec. Litig. ($490 million recovery) and In re Waste Management Inc., Sec. Litig. ($220 million recovery).

## JUDICIAL COMMENDATION

Over the years many Courts have commented favorably on the quality of the legal work rendered by the firm:

> Class members were well served by experienced attorneys who, through considerable time and effort, obtained a significant recovery for their clients. – Senior United States District Court Judge John F. Nangle in **In re BankAmerica Corp. Sec. Litig.**.
>
> [Y]ou have acted the way lawyers at their best ought to act. And I have had a lot of cases . . . in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here . . . I would say this has been the best representation that I have seen. But I really mean that. – United States District Judge Wayne R. Andersen in **In re Waste Management Inc. Sec. Litig.**.
>
> The litigation was complex in both liability and damages and required both professional skill and standing which class counsel demonstrated in abundance. – United States District Judge Harry D. Leinenweber in **Henry v. Sears, Roebuck & Co., et al.**
>
> Clearly, plaintiffs hit upon some – some very interesting facts, and they put in a lot of – a lot of time, and they did highly skilled work against highly skilled opposition . . . – Delaware Chancery Vice Chancellor Leo E. Strine in **In re Seagate Technology, Inc.**
>
> This case presents counsel performing at a level of competence, integrity and cooperation which does credit to the bar and carries

> out the highest traditions of the profession . . .[T]he court note[s] the high level of professionalism, creativity and diligence shown by counsel in handling this matter. – United States District Judge Lee Sarokin in **<u>In re General Public Utilities Litig.</u>**.
>
> The professional skill required to achieve the resultant benefits to this Class has been evidenced on a nearly daily basis to this Court. As a result of this professional skill and excellent representation, these benefits to the Class would not have otherwise been achieved . . . [T]he Court finds that the benefit is unprecedented. – United States District Judge Thomas Pokorny in **<u>Standard Oil Company/British Petroleum Litig.</u>**.
>
> We have a situation here, which is a classic example of the benefits to be derived through the class action vehicle, to have the high quality representation of the class. The reputation of counsel, Arthur N. Abbey. . . . precedes [him] to this court. . . The class was indeed fortunate to have lawyers of this caliber on this matter and the court is satisfied that the class was well represented and had the benefits of the quality of representation that would not have otherwise been available if the class action vehicle had not been used. United States District Judge Peter K. Leisure in **<u>In re Allstar Inns Sec. Litig.</u>**.

## <u>RECENT ACHIEVEMENTS</u>

<u>In re Adelphia Communications Corp Securities and Derivative Litigation</u>, 03 MD 1529 (LMM). This case arises out of one of the most egregious financial frauds ever uncovered at a public company. The Amended Complaint alleges that from at least 1998 through March 2002, Adelphia Communications Corporation ("Adelphia" or the "Company") – the nation's sixth largest cable-television company – systematically and fraudulently failed to report billions of dollars in liabilities in its consolidated financial statements consisting, at December 31, 2001, of approximately $2.6 billion in loans drawn down by entities owned and controlled by the Rigas Family, Adelphia's founders and controlling shareholders. Claims were asserted for violations of the securities laws against members of the Rigas Family, Adelphia's founders and controlling shareholders, and other insiders, the Company's independent auditors, Deloitte & Touche, LLP., investment banking firms which underwrote offerings of Adelphia securities, and lending banks.

This case recently settled for $460 million (settlement hearing pending).

<u>In re Asia Pulp & Paper Securities Litigation</u>, 01-CV-7351 (JES). The $46 million settlement of this action was approved by the district court in July 2006.

<u>Semerenko v. Cendant Corp.</u>, 223 F.3d 165 (3d Cir. 2000). In 1998, Cendant Corp. ("Cendant"0 announced a massive restatement of its financial results for the preceding three years. Numerous securities class actions on behalf of Cendant securities purchasers followed. Just prior to the restatement, Cendant was the victor in a takeover battle with AIG for American Bankers

Insurance Company ("AIG"). Abbey Spanier is the lead counsel in a class action that was instituted against Cendant, certain of its officers and directors and its outside auditors on behalf of ABI shareholders who claimed that ABI's stock price had been artificially inflated by Cendant's material misrepresentations. The New Jersey federal judge before whom the case was pending dismissed our complaint on the grounds that the "in connection with" requirement of the Securities Exchange Act of 1934 had not been met. In a precedent setting decision, the Third Circuit reversed the lower court and expanded the right to sue beyond direct purchasers from the issuer.

The $26 million settlement of this action was approved by the district court in July 2006.

## PROMINENT CASES

Abbey Spanier prides itself on the aggressive pursuit of our clients' goals and on the excellence of our work. The firm fights to achieve the very best possible result for our clients no matter how difficult the obstacles or well financed the opposition. Since the early 1960s, this firm has been lead or co-lead counsel in cases resulting in recoveries in excess of $1 billion on behalf of investors. Among the more prominent of these cases are:

In re BankAmerica Corp. Sec. Litig., MDL No. 1264 (E.D. Mo.) ($490 million recovery);

In re Waste Management, Inc. Sec. Litig., Master File No. 97-C-7709 (N.D. Ill.) ($220 million recovery);

In re Petro-Lewis Sec. Litig., No. 84-C-326, (D. Colo.) ($100 million recovery);

In re Chambers Development Sec. Litig., 92 Civ. 0679 (W.D. Pa.) ($95 million recovery);

In re Wedtech Corp. Sec. Litig., No. 86 Civ. 8628 (S.D.N.Y.) ($77.5 million recovery);

In re IDB Communications Group, Inc. Sec. Litig., Master File No. CV 94-3618 (C.D. Cal.) ($75 million recovery);

In re Westinghouse Sec. Litig., No. 91-354 (W.D. Pa.) ($67.5 million recovery);

In re Nat'l. Health Laboratories Sec. Litig., CV-92-1949 (S.D. Cal.) ($64 million recovery);

In re Nat'l. Medical Enterprises Sec. Litig., CV-91-5452-TJH (C.D. Cal.) ($60.7 million recovery);

In re Salomon, Inc. Sec. Litig., Nos. 91 Civ. 5442, 91 Civ. 5471, (S.D.N.Y.) ($54.5 million recovery);

In re Integrated Resources Sec. Litig., Master File No. 89 Civ. 4255 (S.D.N.Y.) ($54 million recovery);

In re LILCO Sec. Litig., No. 84 Civ. 0588 (E.D.N.Y.) ($48.5 million recovery);

In re Coram Healthcare Corp. Sec. Litig., Master File No. 95-N-2074 (D. Colo.) ($47 million recovery);

In re Baush & Lomb Inc. Sec. Litig., No. 94-CV-6270 (W.D.N.Y.) ($42 million recovery);

In re Crazy Eddie Sec. Litig., No. 87 Civ. 0033 (E.D.N.Y.) ($42 million recovery);

In re Newpower Holdings, Inc. Sec. Litig., No. 02 Civ. 1550 (S.D.N.Y)($41 million recovery);

Steiner v. Aurora Food, Inc., No. C-00-602-COO (N.D. Cal.) ($36 million recovery);

In re Leslie Fay Cos. Sec. Litig., No. 92 Civ. 8036 (S.D.N.Y.) ($35 million recovery);

In re PaineWebber Short Term U.S. Gov't Income Fund Sec. Litig., No. 94-CV-3820 ($36 million recovery);

In re Consumers Power Co. Sec. Litig., No. 83-CV-6488 (E.D. Mich.) ($33 million recovery);

Demint v. Nationsbank Corp., Nos. 94-995-CIV-T-23E, 94-2094-CIV-T-24 (M.D. Fl.) ($30 million recovery);

In re Tucson Electric Power Co. Sec. Litig., No. 89-1274 (D. Ariz.) ($30 million recovery);

In re Nextel Communications Sec. Litig., No. 94-4123 (D.N.J.) ($27 million recovery);

In re Sun Healthcare Group, Inc. Sec. Litig., Master File No. 95-7005 ($24 million recovery);

In re Caterpillar, Inc. Sec. Litig., Nos. 90-1238, 90-1242 (C.D. Ill.) ($23 million recovery);

In re General Public Utilities Sec. Litig., No. 79-1420 (D.N.J.) ($23 million recovery);

In re Prime Motor Inns Sec. Litig., Master File No. 90-87) (D.N.J.) ($21.6 million recovery);

In re Englehard Corp. Sec. Litig., No. 95-5172 (D.N.J.) ($21.5 million recovery);

In re Riscorp Inc. Sec. Litig., No. 96-2374 CIV-T-23A (M.D. Fl.) ($21 million recovery);

In re Middle South Utilities Sec. Litig., C.V. No. 85-3681 (E.D. La.) ($21 million recovery);

In re Sunrise Med. Inc. Sec. Litig., Master File No. C-95-3605 ($20 million recovery);

In re Datapoint Sec. Litig., C.A. No. SA-82-C.A. 3348 ($22 million.);

In re PSINet Sec. Litig., Civ. No. 00-cv-1850-A (E.D.Va) ($17.8 million settlement);

Hirsch v. PSS World Medical, Inc., Civ. No. 3:98-cv-502-J-32TEM (M.D. Fl.) ($16.5 million);

Cheney v. Cyberguard Corp. et al., C.A. No. 98-6897 (S.D. Fla.) ($10 million recovery);

In re Adaptive Broadband Sec. Litig., Master File No. C-01-1092 (N.D. Cal ($8.2125 million recovery);

In re L90, Inc. Sec. Litig., Civ. No. 02-cv-2329 (ABC) (C.D. Cal) ($5 million recovery);

State of New Jersey v. Gemstar - TV Guide Int'l et al., Case No. GC030987 (Cal. Super. Ct.) (Individual Action $5 million recovery);

Sikes v. Winn, Civ. No. 3:00-cv-0004 (W.D. Va.) (Value America Sec. Litig.) ($4.5 million recovery);

In re North Country Financial Corporation Sec. Litig., Civ. No. 2:03-cv-00119-GJQ (D. Wis.); and

In re Dov Pharm., Inc. Sec. Litig., Civ. No. 02-cv-3271 (S.D.N.Y.).

Abbey Spanier has extensive experience in litigating corporate governance cases that is unmatched by any other firm in the field. The firm's reputation for excellence and creativity in the area of director liability for breach of fiduciary duty and corporate governance are demonstrated by cases such as:

In re Cox Communications, Inc. Shareholders Litig., Consolidated C.A. No. 613-NC, Delaware Court of Chancery ($700 million increase in purchase price);

In re JCC Holding Company Inc. Shareholders Litig., Consolidated C.A. No. 19796 (Delaware Court of Chancery (increased the merger consideration to the minority shareholders by $0.49 per share - an increase of almost 5%, or an aggregate benefit of $1,630,446.58);

In re Seagate Technology, Inc. Sec. Litig., C.A. No. 17932-NC, Delaware Court of Chancery ($200 million increase in purchase price);

In re AXA Financial, Inc. Shareholders Litig., C.A. No. 18268-NC, Delaware Court of Chancery ($631 million increase in purchase price);

In re Warner-Lambert Company Shareholders Litig., C.A. No. 17519-NC Delaware Court of Chancery (litigation enriched Warner's shareholders by $20 billion through a superior merger);

In re Cyprus Amax Minerals Company Shareholders Litig., C.A. No. 17383-NC, Delaware Court of Chancery ($900 million benefit to shareholders);

Lang v. The Reader's Digest Association, Inc., et al, C.A. 19574-NC, Delaware Court of Chancery ($21 million increase to shareholders in recapitalization);

In re Aqua Alliance, Inc. Sec. Litig., C.A. No. 17085-NC, Delaware Court of Chancery ($28 million increase in purchase price);

In re Travelers Property Casualty Corp. Sec. Litig., C.A. No. 17902-NC, Delaware Court of Chancery ($25.7 million increase in purchase price);

In re SFX Entertainment Inc. Sec. Litig., C.A. No. 17818-NC, Delaware Court of Chancery ($34.5 million increase in purchase price);

Kahn v. Alamito, Case No. 229012, Sup. Ct., State of Ariz., Pima County ($95 million benefit to shareholders);

In re RJR Nabisco, Inc. Sec. Litig., C.A. No. 10389 Delaware Court of Chancery ($55 million increase in purchase price);

In re Liberty Media Corp. Sec. Litig., C.A. No. 13168 Delaware Court of Chancery ($44 million increase in purchase price);

In re Fort Howard Corp. Sec. Litig., C.A. No. 9991 Delaware Court of Chancery ($13.4 million increase in purchase price);

Appleby v. Rexel, Inc., Consol. No. 97-115715, New York Supreme Court ($38 million recovery);

In re Waste Management, Inc. Shareholders Deriv. Litig., C.A. No. 17313, Delaware Court of Chancery ($24.6 million benefit);

In re Morrison Knudson Corporation Deriv. Litig., C.A. No. 14032, Delaware Court of Chancery (corporate governance changes that the board would be comprised of non-employee directors and new directors and old board required to surrender significant retirement benefits);

In re Paramount Communications, Inc. Sec. Litig., C.A. No. 13117, Delaware Court of Chancery (shareholders received an additional $2 billion);

In re New Valley Corporation Deriv. Litig., C.A. No. 17649-NC, Delaware Court of Chancery ($7 million recovery);

Schoenfeld v. XO Comm., Index No. 01-018358, New York Supreme Court (Successful attack on restructuring plan resulting in $8.33 million benefit to shareholders and participation in rights offering);

Joseph v. Shell Oil Co., 501 A.2d 409 (Del. Sup. 1985) ($200 million shareholder recovery);

Carmody v. Toll Brothers, Inc., 723 A.2d 1180 Delaware Court of Chancery (Successfully challenged "dead hand" poison pill);

In re Metro Mobile CTS, Inc. Sec. Litig., C.A. No. 12360, Delaware Court of Chancery ($51 million benefit);

Bukiet v. Saker, et al., Docket No. MID-C-101-02 (N.J. Super. Ct.) (Foodarama Derivative Litigation); Plaintiffs achieved substantial reformation of overly generous stock option plan and a reduction from five year staggered board terms to three year board terms; and

In re Imclone, Inc. Deriv. Litig., Civ. No. 02-cv-0163 (S.D.N.Y.); $8,750,000 and enhancements in corporate governance requiring additional monitoring of Imclone's regulatory affairs by the Company's Research Oversight Committee.

Abbey Spanier has also been highly successful in the area of consumer protection including:

Henry v. Sears, Roebuck & Co., No. 98 C 4110 (N.D. Ill.) ($156 million settlement on behalf of Sears Credit card holders, representing approximately 66% of all class members damages distributed automatically to each class member without filing a proof of claim form);

Kropinski v. Johnson & Johnson, Docket No. L-8886-96, New Jersey Superior Court; and

Specht v. Netscape Communications Corp., 150 F. Supp. 2d 585 (S.D.N.Y. 2001), affd. 306 F.3d 17 (2d Cir. 2002).

Abbey Spanier is also at the leading edge of litigation brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). The Firm is currently lead or co-lead counsel the following ERISA cases:

In re Reliant Energy ERISA Litig., Civil Action No. H-02-2051 (S.D. Tex.);

Mulder v. PCS Health Systems, Inc., Civil Action No. 98-CV-1003 (D. N.J.);

Peck v. Aetna, Civil Action No. 3:03-CV-1139 (D. Conn.);

Houlihan v. UnumProvident, Civil Action No. 05-CV-2338, (S.D.N.Y.); and

In Re Pfizer Sec., Deriv. & "ERISA" Litig., MDL Docket No. 1688 (S.D.N.Y. 2005).

## THE FIRM'S LAWYERS

### PARTNERS

**ARTHUR N. ABBEY** – Mr. Abbey received his B.A. from Hofstra University in 1957, his L.L.B. from New York Law School in 1959, and his M.B.A. from New York University Graduate School of Business Administration in 1961. He is admitted to the Bar of the State of New York, United States District Courts for the Southern and Eastern Districts of New York and most of the Circuit Courts of Appeals and the United States Supreme Court.

**JILL S. ABRAMS** - Ms. Abrams received her B.S. from the University of Vermont in 1978, and her J.D. from Antioch School of Law in 1981. She is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, and the Second and Third Circuit Courts of Appeals.

**KARIN E. FISCH** - Ms. Fisch received her A.B. from Cornell University, College of Arts and Sciences in 1988, and her J.D. from Fordham University School of Law in 1992, where she was Managing Editor of the Fordham Urban Law Journal. She is admitted to the Bar of the State of New York and the United States District Court for the Southern District of New York.

**PAUL O. PARADIS** - Mr. Paradis received his B.S., from Bentley College in 1986, and his J.D., cum laude, from New York Law School in 1990, where he was a member of the New York Law School Law Review. He is admitted to the Bar of the State of New York, the State of New Jersey, the United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey, and Eastern District of Michigan.

**STEPHEN T. RODD** - Mr. Rodd received his J.D. degree in 1974 from New York University Law School, where he was a Root-Tilden Scholar and an Editor of the Journal of International Law and Politics. The University of Kansas is his undergraduate alma mater, where he received his B.A. degree in 1969. He is a member of the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York, and the Second, Fifth and Sixth Circuit Courts of Appeals.

**JOSHUA N. RUBIN** - Mr. Rubin received his B.A. from the State University of New York at Buffalo in 1979, and his J.D. from Boston University School of Law in 1984. He is admitted to the Bar of the State of New York, the United States Courts of Appeals for the Second, Third, and Fourth Circuits, and the United States District Courts for the Southern and Eastern Districts of New York, the Northern District of California, and the District of Arizona.

**JUDITH L. SPANIER** - Ms. Spanier received her B.A. from Cornell University, College of Arts and Sciences in 1975, and her J.D. from New York University School of Law in 1978. She is admitted to the Bar of the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the Second, Ninth and Tenth Circuit Courts of Appeals.

**ASSOCIATES**

**STEPHANIE AMIN-GIWNER** - Ms. Amin-Giwner received her B.A., cum laude with honors, from Brandeis University in 1995 and her J.D., magna cum laude, from American University, Washington College of Law in 1998. She is admitted to the Bar of the State of Maryland and the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**CHARLES H. DUFRESNE, JR.** - Mr. Dufresne received his B.A. from Emory University in 1998, Dean's List, his J.D. from New York Law School in 2002, Dean's List and his M.B.A., Highest Honors, from Fordham University's International Executive M.B.A. program in 2004.

Mr. Dufresne has been appointed to Phi Kappa Phi, an honors society recognizing excellence in higher education. Mr. Dufresne is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York and is awaiting admission in Washington D.C.

**NANCY KABOOLIAN** - Ms. Kaboolian received her B.A. from the State University College of New York at Fredonia in 1979 and her J.D. from New York Law School in 1989. She is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**LIDIA M. KRYZANIWSKY** - Ms. Kryzaniwsky received her B.A., magna cum laude, from Villanova University in 1999 and her J.D. from New York Law School in 2004 where she served as Vice-Chair of the Moot Court Association. Ms. Kryzaniwsky is admitted to the Bar of the State of New York and the State of New Jersey and to the United States District Courts for the Southern and Eastern Districts of New York and the District of New Jersey.

**ORIN KURTZ** - Mr. Kurtz received his B.S. from the State University of New York at New Paltz in 1998. He received his J.D., magna cum laude, from New York Law School in 2004 where he served as Executive Articles Editor of the Law Review. Mr. Kurtz is admitted to the Bar of the State of New York and to the United States District Courts for the Southern and Eastern Districts of New York.

**RICHARD B. MARGOLIES** - Mr. Margolies received his B.S. from Lehigh University, College of Business and Economics in 1996, and his J.D. from New York Law School in 2001. He is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**GINA M. TUFARO** - Ms. Tufaro received her B.A., magna cum laude from Rutgers University in 1999 and her J.D., magna cum laude, from New York Law School in 2002 where she served as Managing Editor of The Journal of Human Rights. Ms. Tufaro is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**MEAGAN A. ZAPOTOCKY** - Ms. Zapotocky received her B.A. from Eastern Illinois University in 1993 and her J.D., cum laude, from New York Law School in 2003 where she served as Editor in Chief of Law Review. Ms. Zapotocky is admitted to the Bar of the State of New York and to the United States District Courts for the Southern and Eastern Districts of New York.