UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/22/2013

IN RE IMAX CORPORATION SECURITIES LITIGATION

06 CIV. 6128 (NRB)

**~~[PROPOSED]~~ FINAL JUDGMENT DISMISSING CLAIMS AGAINST IMAX CORPORATION, RICHARD L. GELFOND, BRADLEY J. WECHSLER, FRANCIS T. JOYCE, KATHRYN A. GAMBLE AND PRICEWATERHOUSECOOPERS-CANADA LLP**

WHEREAS, a class action (the "Class Action") is pending in this Court as part of a consolidated action styled *In re IMAX Corporation Securities Litigation*, Civil Action No. 06 CIV. 6128 (NRB);

WHEREAS, a class has been certified by this Court for settlement purposes only;

WHEREAS, the Parties, in accordance with a Stipulation and Agreement of Settlement dated as of January 26, 2012, and amended as of March 20, 2012 (the "Amended Stipulation" or "Settlement Agreement"), which, together with the Exhibits annexed thereto and the First Supplemental Agreement and the Second Supplemental Agreement identified to the Court pursuant to Federal Rule of Civil Procedure Rule 23(e)(2), sets forth the terms and conditions for a proposed Settlement of the Class Action and for dismissal of the Class Action and the Released Claims against IMAX Corporation, Richard L. Gelfond, Bradley J. Wechsler, Francis T. Joyce, Kathryn A. Gamble and PricewaterhouseCoopers-Canada LLP, an Ontario Limited Liability Partnership (the "Defendants") with prejudice and without costs upon the terms and conditions set forth therein;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Amended Stipulation;

WHEREAS, the Court entered a Final Settlement Approval Order on June 20, 2012; and

WHEREAS, the Canadian Order is now final and unappealable and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court finds that the Complaint was filed, and the actions in support thereof were taken, on a good faith basis in accordance with Section 21D(c)(1) of the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.

2. The Class Action, the Complaint, and the claims asserted therein by Class Members are hereby dismissed as against the Defendants in their entirety on the merits and with prejudice, in full and final discharge of any and all claims which were or could have been asserted under the laws of any jurisdiction (including Canada), as against the Defendants, without fees or costs.

3. The Lead Plaintiff and other Class Members are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, in this Class Action or any other action or proceeding, including in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other tribunal or forum in the United States or elsewhere (including Canada), any Released Claim against any of the Defendant Released Parties, regardless of whether any such Lead Plaintiff and/or other Class Member ever seeks or obtains any distribution from the Settlement Fund by any means.

4. The Defendants are hereby permanently barred and enjoined from instituting, commencing or prosecuting, in this Class Action or any other action or proceeding, including in

any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other tribunal or forum in the United States or elsewhere, any claims against the Plaintiff Releasees relating to the institution or prosecution of the Class Action.

5. The Released Claims against each and all of the Released Parties shall be fully, finally and forever released, relinquished, discharged and dismissed with prejudice and on the merits, without costs to any party, upon entry of this Judgment. In addition, upon entry of this Judgment, any and all claims for contribution and/or indemnity (whether direct, implied, or equitable) by any Released Party against any other Released Party relating to any Released Claim or to any claim by Settlement Class Members under federal, state or other law that has been or could have been asserted relating to transactions in IMAX securities during the Class Period shall be barred.

6. Neither the Stipulation, Amended Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, Amended Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of the Defendants; or (ii) is or may be deemed to be or may be used as an admission or evidence of the truth of any fact alleged or of any liability, fault or omission of the Defendants in any civil, criminal or administrative proceeding in any court, arbitration proceeding, administrative agency or other forum or tribunal, other than in such proceedings as may be necessary to consummate or enforce the Amended Stipulation, the Settlement or the Judgment.

7. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Parties for all matters relating to this Class Action, including: (a) the implementation of the Settlement; (b) any award of the Settlement Fund,

including interest earned thereon; and (c) all further proceedings concerning the administration, consummation and enforcement of the Amended Stipulation, the Settlement and this Judgment.

8. The finality of this Judgment shall not be affected, in any manner, by rulings the Court may make concerning the Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and expenses. There shall be no distribution of any of the Net Settlement Fund to any Class Member until a Plan of Allocation is finally approved and is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

9. In the event that the Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*.

10. The Court finds that Lead Plaintiff and Lead Counsel adequately represented the Class for purposes of negotiating, entering into, and implementing the Settlement.

11. This Judgment is a final judgment in the Class Action as to all claims among the Parties. This Court finds that there is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

12. Nothing in this Judgment shall preclude any action to enforce the terms of the Amended Stipulation or this Judgment.

13. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Amended Stipulation.

SO ORDERED:

Dated: November 21, 2013
New York, New York

Naomi R. Buchwald
United States District Judge